### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| A.B.D., | ) | CASE NO.: 5:18CV2274 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Pending before the Court's Plaintiff's motion for a ruling on her prior motion for reconsideration. The motion for a ruling is GRANTED. Doc. 25. The motion for reconsideration is DENIED. Doc. 23.

Plaintiff's argument is premised upon her belief that she was not required to comply with the orders of the Magistrate Judge to complete a brief because she had objected to the denial of her motion for appointment of counsel. However,

> Plaintiffs' position is based on the unsupported and unsupportable assumption that the filing of objections to the magistrate judge's order on a nondispositive matter stays the order's operation. The law is precisely to the contrary. *See, e.g., Great–West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11–cv–2082, 2013 WL 5954470, at * 2 (D.Nev. Nov.6, 2013); *Guiden v. Leatt Corp.*, No. 5–10–cv–175, 2013 WL 4500319, at * 4 (W.D.Ky. Aug.21, 2013); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F.Supp.2d 1255, 1260 (M.D.Fla.2013); *Oracle Am., Inc. v. Google, Inc.*, No. C–10–3561, 2011 WL 3794892, at * 5 n. 7 (N.D.Cal. Aug.26, 2011); *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, No. 10–1863, 2011 WL 3349844, at * 4 (E.D.La. Aug.3, 2011) ("The idea that the filing of an objection

>automatically stays a magistrate judge's discovery order would essentially reduce the magistrate's order to the status of a recommendation.") (citation and quotation marks omitted); *City of Ecorse v. United States Steel*, No. 07–cv–12131, 2008 WL 686241, at * 1 (E.D.Mich. Mar.13, 2008) (collecting cases). Allowing the automatic stay of a magistrate judge's discovery order "would not only encourage the filing of frivolous appeals, but would grind the magistrate system to a halt." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc*., 124 F.R.D. 75, 79 (S.D.N.Y.1989).

*City of Holland v. Fed. Ins. Co*., No. 1:13-CV-1097, 2014 WL 2557124, at *1 (W.D. Mich. June 6, 2014). Moreover, Plaintiff did not simply rely on her belief that a stay existed, she ignored two separate orders that post-date the denial of her motion for appointment of counsel. Within the second order, the Magistrate Judge noted: "Considering Plaintiff's pro se status, Plaintiff is granted additional time to file her brief. Plaintiff's brief shall be filed on or before August 20, 2019. Failure to comply with this order may result in dismissal of this case for failure to prosecute." Doc. 18 at 1. Plaintiff ignored this order and the matter was dismissed.

In her motion for reconsideration, Plaintiff once again requests that her objections to the denial of the appointment of counsel be addressed. In the dismissal entry signed by this Court, the undersigned noted: "As with the requests that were made to the magistrate judge, Plaintiff has not provided any factual basis to support her request." Doc. 21 at 1-2. Plaintiff apparently takes issue with this conclusion asserting that she gave an ample basis. The Court finds no merit in this contention. Plaintiff effectively asserts that the case involves a minor child and that the law at issue is difficult. Those assertions are simply insufficient to warrant the appointment of counsel in a civil matter. Accordingly, the Court finds no merit in the motion for reconsideration. The motion is DENIED, and this matter remains closed.

Dated: September 17, 2020          */s/ John R. Adams*
                                                      JUDGE JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE